UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CORDARO HARDIN,**

    **Petitioner,**

v.                                                         Case No: 8:15-CV-1864-T-27CPT

**SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,**

    **Respondent.**
_____/

## ORDER

This cause is on remand from the Eleventh Circuit Court of Appeals "for the limited purpose of determining when Mr. Hardin first delivered his notice of appeal to prison officials for mailing." (Dkt. 21). Upon consideration, I find that Petitioner's Notice of Appeal was delivered to prison officials on December 19, 2018.

Judgment against Petitioner was entered on July 10, 2018 (Dkt. 18). On December 26, 2018, he filed a copy of a Notice of Appeal dated July 23, 2018 (Dkt. 19). In correspondence, he represented that he "sent out" the Notice of Appeal on July 23, 2018 (Dkt. 19-1). In his subsequent Motion to Accept Notice of Appeal as Timely Filed, he represented that he "mailed his notice of appeal from prison officials at Hardee Corr. Inst.," and referenced "Exhibit A," purportedly the Notice of Appeal he delivered to prison officials. He represented that "the institutional mailing stamp reflects July 23, 2018, as the mailing date . . ." (Dkt. 23, ¶¶ 1, 3). Exhibit A, however, was <u>not</u> attached to the motion.

Petitioner was directed to file "Exhibit A" to his motion with a verified statement authenticating it, and Respondent was directed to file a verified statement from an official with

knowledge from Hardee Correctional Institute, with an authenticated mail log showing whether Petitioner delivered his Notice of Appeal to prison officials for mailing on July 23, 2018. (Dkt. 25).

Petitioner did not respond to the Court's Order. On May 7, 2019, Respondent filed the affidavit of Gail Gainous, Supervisor of the Legal Mail logs at Hardee Correctional Institution. (Dkt. 26). Gainous avers that the mail logs do not show outgoing mail from Petitioner between July 15, 2018 to July 31, 2018. (Id. ¶ 3-4). She avers that had Petitioner followed the legal mail protocol of Hardee Correctional Institution, he would have received a copy of his document that would include the correctional institution date stamp as well as his initials and the mailing official's initials. (Id. ¶ 6).[1] Ostensibly, that would be "Exhibit A" referred to by Petitioner but not produced.

"The determination of the date he delivered his notice of appeal to prison authorities is a factual question for the district court to resolve on remand." *Sanders v. United States*, 113 F.3d 184, 186 n.2 (11th Cir. 1997). In making this determination, the court "may inquire further as to the actual facts concerning whether or not, and when, a notice of appeal was delivered to the prison authorities."*Allen v. Culliver*, 471 F.3d 1196, 1198 (11th Cir. 2006). This inquiry begins with the prisoner mailbox rule, codified in Federal Rule of Appellate Procedure 4(c)(1). *Id.* at 1198. Under Rule 4(c)(1),

> If an institution has a system designed for legal mail, an inmate confined there *must use that system to receive the benefit of this Rule 4(c)(1)*. If an inmate files a notice

---

[1] Gainous avers:

If inmate Hardin followed the legal mail protocol, his documents would contain the Hardee Correctional Institution date stamp along with the Officers [sic] initials and inmate Hardin's initials to be delivered to the mailroom for processing. Inmate Hardin would then receive his copy with the correctional institution date stamp and both sets of initials handed back to him, for his records.

(Dkt. 26-1, ¶ 6).

2

of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:

(A) it is accompanied by:

    (i) a declaration in compliance with 28 U.S.C. § 1746--or a notarized statement--setting out the date of deposit and stating that first-class postage is being prepaid; or

    (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid

*Id.* (emphasis added). If these procedures are followed, the burden shifts to prison authorities to prove that the petitioner did not actually deliver his Notice of Appeal on the date asserted. *See Allen*, 471 F.3d at 1198.

Petitioner is not entitled to the benefit of the mailbox rule with respect to the purported July 23, 2018 Notice of Appeal, because he did not comply with the requirements of Rule 4(c). To the extent his Motion to Accept Notice of Appeal as Timely Filed (Dkt. 23) can be construed as "a declaration in compliance with 28 U.S.C. § 1746," it fails to state "that first-class postage is being prepaid." *See* Rule 4(c)(1).[2] Petitioner is not, therefore, entitled to the presumption that his Notice of Appeal was filed on July 23, 2018. Even if he followed the procedures of Rule 4(c), Respondent, through Hardee Correctional officials, has proven that he did not deliver the Notice of Appeal to them on July 23, 2018.

Petitioner's contention that he delivered his Notice of Appeal to Hardee Correctional officials on July 23, 2018 is belied by the affidavit of Gail Gainous. Her affidavit demonstrates that there is

---

[2] *See also United States v. Smith*, 182 F.3d 733, 734 n.1 (10th Cir. 1999) (refusing to apply the mailbox rule "because Smith's declaration of a timely filing did not, as required, 'state that first-class postage has been prepaid.' ") (citing Fed. R. App. P. 4(c)(1)).

3

no record of outgoing mail from Petitioner between July 15, 2019 to July 31, 2018. I find, therefore, that he did not deliver his Notice of Appeal to prison officials on that date. And the protocol she describes is corroborated by Petitioner's reference to "the institutional mailing stamp" he contended would be reflected "as the mailing date" of "Exhibit A."

Significantly, as noted, Petitioner failed to comply with the Order (Dkt. 25) directing him to submit "Exhibit A" to his Motion to Accept Notice of Appeal as Timely Filed, which he represented was the institutional date stamped copy of his Notice of Appeal. Nor did he offer an explanation for why he could not comply with the directive. From this, I infer that "Exhibit A" does not exist. He has not, therefore, demonstrated that his Notice of Appeal was delivered to Hardee Correctional officials on July 23, 2018. And the record of Hardee Correctional establishes that he did not deliver a Notice of Appeal to officials on July 23, 2018.

I find, therefore, that Petitioner's Notice of Appeal was delivered to prison authorities, and therefore filed, on December 19, 2018. *See Allen*, 471 F.3d at 1198.

**DONE AND ORDERED** this 22nd day of August, 2019.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Petitioner, Counsel of Record, Eleventh Circuit Court of Appeals