UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CORDARO HARDIN,

    Petitioner,

v.                                             Case No: 8:15-CV-1864-T-27CPT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is correspondence from Petitioner construed as a motion for reconsideration and Respondent's response (Dkts. 28, 30).[1] The construed motion is **DENIED**.

Petitioner seeks reconsideration of the Order finding that his Notice of Appeal was filed on December 19, 2018 (Dkt. 27). He contends that he found his "last copy" of his original Notice to Appeal "with Hardee Stamp for more proof . . . ," which he attaches. (Dkts. 28, 28-1) ("Because I provided proof of the Hardee stamp on my Notice of Appeal months ago, I just found my last copy with the Hardee stamp for more proof . . ."). And he requests that this Court "[p]lease relook at the notice of appeal I sent . . . ." (Dkt. 28).

Petitioner never filed this stamped Notice of Appeal, despite at least three opportunities to do so. His original Notice of Appeal did not include the institution's stamp, notwithstanding his representation to the contrary in his construed motion (Dkt. 19). And in his cover letter accompanying the original Notice of Appeal, he stated that "with this cover letter I'm sending the extra copy I had from the original versions See Attachments . . . ." (Dkt. 19-1). But there was no attachment. In his Motion to Accept Notice of Appeal as Timely Filed, he referenced "Ex. A,"

---

[1] Reconsideration is warranted only by an intervening change in controlling law, new evidence, and/or where necessary to correct clear error or prevent manifest injustice. *Del. Valley Floral Group, Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (Fed. Cir. 2010) (quoting *Degirmenci v. Sapphire–Ft. Lauderdale, LLLP*, 642 F. Supp. 2d 1344, 1353 (S.D. Fla. 2009)); *Davis v. Daniels*, 655 F. App'x 755, 759 (11th Cir. 2016); *Fenello v. Bank of Am., NA*, 577 F. App'x 899, 903 n.7 (11th Cir. 2014).

1

purportedly a copy of the stamped Notice of Appeal, and described it as having "the institutional mailing stamp reflect[ing] July 23, 2018, as the mailing date . . . ." (Dkt. 23). There was no Exhibit A attached, however. As a result, Petitioner was directed to "file Exhibit A to his motion with a verified statement authenticating it" within 15 days. (Dkt. 25). He failed to comply with this directive.

Accordingly, based on the institution's practice of stamping all outgoing mail and providing the prisoner a copy of the stamped mail, and there being no record of Petitioner having mailed any documents between July 15, 2018 and July 31, 2018 from the institution, this Court found that his Notice of Appeal was delivered and therefore filed on December 19, 2018.

Where, as here, "a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." *Shuford v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1345 (11th Cir. 2007) (quotation marks and citation omitted, alteration in original). Petitioner fails to make this showing. Indeed, he provides no explanation for why the stamped copy was not available before now, and why he failed to file it when directed to. The stamped Notice to Appeal will therefore not be considered.[2] *Id.* at 1345.

**DONE AND ORDERED** this 24th day of September, 2019.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Petitioner, Counsel of Record, Eleventh Circuit Court of Appeals

---

[2] Even if the newly presented notice to appeal is considered, Petitioner would not be entitled to the benefit of the mailbox rule. It is only after Rule 4(c)'s procedures are followed that the burden shifts to prison authorities to prove that a prisoner did not deliver his notice of appeal on the date asserted. *See Allen v. Culliver*, 471 F.3d 1196, 1198-99 (11th Cir. 2006). As noted in the Order (Dkt. 27), Petitioner fails to show that he complied with the requirements of Rule 4(c). Nowhere in the record does he represent "that first-class postage is being prepaid," or "that postage was prepaid." Fed. R. Civ. P 4(c)(1)(A)(i)-(ii).